UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEATHER MILLS,

       Plaintiff,

v.

       Case Number 11-13148-BC
       Honorable Thomas L. Ludington

UNITED PRODUCERS, INC.,

       Defendant.

_____ /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**

Defendant United Producers, Inc., is a middleman in the livestock industry. Prior to the events giving rise to this litigation, Plaintiff Heather Mills was employed as the office manager of Defendant's facility in St. Louis, Michigan. Defendant's business model, so far as the allegations of this case are concerned, is not complicated. Farmers send their cattle to Defendant. It, in turn, has the cattle inspected. If they pass inspection, Defendant sells the cattle to slaughterhouses and the farmers are paid. If the cattle do not pass inspection, they are "condemned" and the farmers are not paid. Some of Defendant's employees, Plaintiff alleges, misdirected profits by misreporting healthy cattle as condemned. In her words, they made a practice of "defrauding farmers by fabricating U.S. Department of Agriculture documents to make it appear as though their stock was 'condemned' to avoid payment when in reality Defendant was paid for the valuable livestock." Compl. ¶ 11, ECF No 1. When Plaintiff learned of this misconduct, she reported it to her supervisors. Colloquially, she blew the whistle. Defendant responded, Plaintiff alleges, by terminating her employment. This case ensued.

In July 2011, Plaintiff brought suit in this Court. Count one of her two-count complaint asserts a claim for breach of public policy. Count two asserts a claim for breach of Defendant's open door policy. Discovery is scheduled to close on May 15, 2012, with dispositive motions due on or before June 20, 2012. ECF No. 16.

Plaintiff now moves to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 15. Specifically, she seeks to add a count of breach of Defendant's whistleblower policy. Defendant opposes the motion, asserting that the amendment would prejudice Defendant and that the amendment is futile. For the following reasons, Plaintiff's motion to amend will be granted.

**I**

Rule 15(a) provides that after a responsive pleading has been served "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court elaborates:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Defendant argues that leave to amend should be denied for two principal reasons, prejudice and futility.

**A**

"Prejudice" in the context of Rule 15 means more than the inconvenience of having to defend against a claim. *See, e.g., Monahan v. N.Y.C. Dept. of Corr.*, 214 F.3d 275, 284 (2d Cir.

2000) ("[T]he fact that one party has spent time and money preparing for trial will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings."). It requires something more substantial. For example,

> Prejudice may exist if extensive additional discovery would be required, if the proceedings would be delayed significantly, or if an imminent danger exists that the moving party would seek to abuse the discovery process to force a favorable settlement. Permitting a proposed amendment also may be prejudicial if discovery already has been completed, but this concern may be alleviated if the new claim arises from a similar set of operative facts and a similar time as the existing claims.

*Bleiler v. Cristwood Contracting Co.*, 868 F. Supp. 461, 463 (D. Conn. 1994), *rev'd in part on other grounds*, 72 F.3d 13 (2d Cir. 1995) (internal citation omitted) (citing *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)).

In this case, permitting the amendment will cause some inconvenience to Defendant. It will not, however, cause undue prejudice. By stipulation of the parties, discovery has been extended sixty days. ECF No. 16. Dispositive motions are not due for three months. Thus, Defendant has nearly two months to fully explore the factual basis of Plaintiff's claim and three months to prepare its dispositive motion. Although Defendant may have to incur further expenses to defend against the claim, its ability to mount a defense has not been impaired.[1] Defendant has not demonstrated undue prejudice.

**B**

Next, Defendant argues that leave should be denied because the whistleblower claim is futile. The Supreme Court instructs: "If the underlying facts or circumstances relied upon by a

---

[1] In passing, Defendant also raises an undue delay argument. As Defendant has not demonstrated undue prejudice, however, delay is not a sufficient reason to deny leave to amend. *Moore v. City of Paducah*, 790 F.2d 557, 560–62 (6th Cir. 1986) (per curiam).

plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. The corollary to this principle is "that the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1124 (6th Cir. 1989) (quoting *Martin v. Associated Truck Lines, Inc*., 801 F.2d 246, 248 (6th Cir. 1986)).

To support its futility argument, Defendant quotes the employee handbook, which provides in pertinent part:

> This handbook is not intended to serve as a written contract of employment and should not be interpreted as such. In addition, the policies stated herein are subject to revision by United Producers, Inc. at any time.
>
> By signing this acknowledgement, you indicate that you have received a copy of the Employee Handbook. You also indicate that you understand that you are employed at will and that either you or United Producers may terminate the employment relationship at any time for any reason. No representative of United Producers, Inc., other than the CEO, has the authority to enter into an agreement with you that is contrary to the foregoing.

Def.'s Resp. to Pl.'s Mot. Ex. B, at 1. Plaintiff signed the acknowledgement in April 2006. Defendant argues: "Because United Producers' handbook does not and cannot create any type of a binding agreement, the Plaintiff's Complaint for violation of policies contained within the handbook are incapable of forming a binding obligation." Def.'s Resp. 5.

Defendant's assertion, however, overlooks the final sentence of the acknowledgement. It overlooks the terms of the whistleblower policy. And it overlooks who promulgated the whistleblower policy and when it was promulgated.

The final sentence of the acknowledgement, as noted, provides: "No representative of United Producers, Inc., other than the CEO, has the authority to enter into an agreement with you that is contrary to the foregoing." Def.'s Resp. Ex. B, at 1. Thus, the handbook prospectively limits modifications; only those approved by Defendant's CEO will be enforceable.

The whistleblower policy, however, is expressly authorized by Dennis Bolling, Defendant's CEO. (It bears not only his name, but also his office phone number, his home phone number, and his cell phone number.) Substantively, it provides:

> Whistleblower protections are provided in two important areas — confidentiality and against retaliation. Insofar as possible, the confidentiality of the whistleblower will be maintained. However, identity may have to be disclosed to conduct a thorough investigation, to comply with the law and to provide accused individuals with their legal rights of defense. The Company will not retaliate against a whistleblower. This includes, but is not limited to, protection from retaliation in the form of an adverse employment action such as termination . . . .
>
> If an employee has knowledge of, or a concern of, illegal or dishonest fraudulent activity, the employee is to contact his/her immediate supervisor or one of the managers below. The employee must exercise sound judgment to avoid baseless allegations.

Def.'s Resp. Ex. A, at 1. Enacted in March 2008, Plaintiff signed an acknowledgement of receipt of this policy the following month, two years after she had signed an acknowledgement of receipt of the handbook.

The enforceability of this express whistleblower protection against "adverse employment action such as termination" would, perhaps,[2] be open to question absent the CEO's authorization. It is, for example, in some tension with the "at will" term in the employee handbook. Given that the whistleblower policy bears the imprimatur of the CEO, however, it is a modification enforceable not only on its own terms, but the handbook's terms as well.

As a general matter, "contract modifications are governed by the same rules as other contracts and require the same prerequisites: offer, acceptance, and consideration." *Metro*

---

[2] As Judge (later Justice) Cardozo once wrote, "Those who make a contract may unmake it. The clause which forbids a change may be changed like any other." *Beatty v. Guggenheim Exploration Co.*, 122 N.E. 378, 388 (N.Y. 1919). In accord, the reporter of the *Restatement (Second) of Contracts* observes: "Can the parties, by inserting a no-oral-modification clause effectively permit only written modifications? The traditional common law answer was that they could not. Courts reasoned that any prior agreement, including the no-oral-modification clause itself, can be modified by a later agreement." E. Allan Farnsworth, *Contracts* § 7.6 (4th ed. 2004) (footnote omitted).

*Commc'ns Co. v. Ameritech Mobile Commc'cs, Inc.*, 984 F.2d 739, 744 (6th Cir. 1993) (applying Illinois law); *Farrell v. Auto. Club of Mich.*, 466 N.W.2d 298, 301 (Mich. Ct. App. 1990).

Here, Defendant offered the modification when it promulgated the whistleblower policy. Plaintiff accepted, signing an acknowledgement. Both parties offer consideration in the form of their exchange of promises. Defendant promised "protection from retaliation" — "The Company will not retaliate against a whistleblower." Def.'s Resp. Ex. A, at 1. Plaintiff promised to report illegal activities. *Id.* Thus, it is enforceable as a modification of the parties' prior agreement (as memorialized in the handbook). And this modification, bearing the CEO's authorization, is expressly permitted by the prior agreement.

To elaborate, "at will" refers to a particular term of the employment agreement — specifically, its indefinite duration — "either party may terminate the employment contract at any time for any or no reason." *Morrison v. B. Braun Med. Inc.*, 663 F.3d 251, 256 (6th Cir. 2011) (applying Michigan law) (citing *Suchodolski v. Mich. Consol. Gas Co.*, 316 N.W.2d 710, 711 (Mich. 1982)); *Toussaint v Blue Cross Blue Shield of Mich.*, 292 N.W.2d 880, 890 (Mich. 1980) ("Employers are most assuredly free to enter into employment contracts terminable at will."). The whistleblower policy modifies — limits — this term, providing that Defendant may not terminate an employee in retaliation for reporting "illegal" or "fraudulent activity." Def.'s Resp. Ex. A, at 1. Restated, Defendant may terminate an employee for any reason, except as retaliation for reporting illegal or fraudulent activity. Defendant has not established futility.

## II

Accordingly, it is **ORDERED** that Plaintiffs' motion to amend (ECF Nos. 14, 15) is **GRANTED**.

It is further **ORDERED** that the hearing scheduled for Thursday, March 29, 2012, at 2:00 p.m. is cancelled because the parties' papers provide the necessary factual and legal information to decide the motion.  *See* E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: March 21, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 21, 2012.

s/Tracy A. Jacobs<br>TRACY A. JACOBS

---