UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEATHER MILLS,

        Plaintiff,

v.

        Case Number 11-13148-BC
        Honorable Thomas L. Ludington

UNITED PRODUCERS, INC.,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE**

Defendant United Producers, Inc., is a middleman in the livestock industry. Prior to the events giving rise to this litigation, Plaintiff Heather Mills was employed as the office manager of Defendant's facility in St. Louis, Michigan. Defendant's business model, so far as the allegations of this case are concerned, is not complicated. Farmers send their cattle to Defendant. It, in turn, has the cattle inspected. If they pass inspection, Defendant sells the cattle to slaughterhouses and the farmers are paid. If the cattle do not pass inspection, they are condemned and the farmers are not paid. Some of Defendant's employees, Plaintiff alleges, misdirected profits by misreporting healthy cattle as condemned. In her words, they made a practice of "defrauding farmers by fabricating U.S. Department of Agriculture documents to make it appear as though their stock was 'condemned' to avoid payment when in reality Defendant was paid for the valuable livestock." Compl. ¶ 11, ECF No 1. When Plaintiff learned of this misconduct, she reported it to her supervisors. Colloquially, she blew the whistle. Defendant responded, Plaintiff alleges, by terminating her employment. This case ensued.

In July 2011, Plaintiff brought suit in this Court. Her two-count complaint asserted claims for breach of public policy and Defendant's open door policy. On March 1, 2012, Plaintiff filed a motion to amend her complaint to add a count of breach of Defendant's whistleblower policy. ECF No. 14. On March 9, Plaintiff filed an amended motion to amend, attaching a copy of the proposed amended complaint. ECF No. 15. On March 13, the Court noticed both motions for a hearing. ECF No. 17. On March 15, Defendant filed a response, asserting that the proposed amendment would prejudice Defendant and that the claim was futile. ECF No. 18. On March 21, the Court entered an opinion and order granting Plaintiff's motions. ECF No. 19.

Defendant now moves to strike references in the amended complaint regarding a consent judgment Defendant entered into with the United States Department of Agriculture in 2002. ECF No. 21. For the following reasons, Defendant's motion will be denied.

I

"The court may strike from a pleading," Federal Rule of Civil Procedure 12(f) provides in pertinent part, "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial," one federal appellate court observes, "it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (citing *Gleason v. Chain Service Rest.*, 300 F. Supp. 1241 (S.D.N.Y. 1969)). "Although motions to strike . . . pursuant to Rule 12(f) are generally disfavored, such motions are within the sound discretion of the district court." *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F.

Supp. 1078, 1083 (W.D. Mich. 1997) (citing *Fed. Sav. & Loan Ins. Corp. v. Burdette*, 696 F. Supp. 1183, 1186 (E.D. Tenn. 1988)).

In this case, as noted, Defendant moves to strike references in the complaint to the consent judgment, asserting that "the Federal Rules of Evidence [specifically, Rules 408 and 410] strictly prohibit any evidence of this nature from being interjected into a case." Def.'s Mot. to Strike ¶ 6. In support, Defendant cites decisions of the Second Circuit, the Eighth Circuit, and a Kentucky district court. Def.'s Br. Supp. Mot. to Strike 5–6 (citing *Lipsky v Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976); *Data Processing Fin. & Gen. Corp. v. IBM*, 430 F.2d 1277 (8th Cir. 1970) (per curiam); and *Hyland v. Homeservices of Am. Inc.*, No. 3:05-cv-612-R, 2007 WL 1959157 (W.D. Ky. June 28, 2007)). As Plaintiff succinctly observes, however, Defendant's argument is foreclosed by Sixth Circuit precedent. Pl.'s Resp. to Def.'s Mot. 6–7 (citing *United States v. Cohen*, 946 F.2d 430 (6th Cir. 1991)).

As a threshold matter, neither Rule 408 or 410 expressly reference consent judgments. Rule 408 prohibits the introduction of settlement offers or agreements for establishing the validity of a disputed claim, providing:

> (a) Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or a statement made during compromise negotiations about the claim . . . .
> (b) Exceptions. The court may admit this evidence for another purpose.

Fed R. Evid. 408. Rule 410, in turn, codifies a similar prohibition on the use of plea discussions or agreements:

> (a) In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:

> (1) a guilty plea that was later withdrawn;
> (2) a nolo contendere plea;
> (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
> (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

Fed R. Evid. 410(a). Although consent judgments are not expressly precluded by the text of either rule, a reasonable argument can be made that they are similar to settlement agreements or nolo contendere pleas.

Accordingly, the Second and Eighth Circuits have concluded that under Rule 410 "a consent judgment between a federal agency and a private corporation . . . can not be used as evidence in subsequent litigation between that corporation and another party." *Lipsky*, 551 F.2d at 893 (citing Fed R. Evid. 410); *accord Data Processing*, 430 F.2d at 1278. In *Lipsky*, for example, the court "equated" consent judgments to nolo contendere pleas, which are expressly barred under Rule 410, explaining that "both consent decrees and pleas of nolo contendere are not true adjudications," but rather "the result of private bargaining." 551 F.2d at 893–94; *cf. S.E.C. v. Citigroup Global Mkts.*, 673 F.3d 158, 164 (2d Cir. 2012) ("The numerous factors that affect a litigant's decision whether to compromise a case or litigate it to the end include the value of the particular proposed compromise, the perceived likelihood of obtaining a still better settlement, the prospects of coming out better, or worse, after a full trial, and the resources that would need to be expended in the attempt.").

Nevertheless, as Plaintiff correctly observes, in *United States v. Cohen*, 946 F.2d 430 (6th Cir. 1991), the Sixth Circuit expressly held consent judgments are admissible. *See* Pl.'s Resp. 6–7. *Cohen* involved a criminal prosecution for duplicating and distributing copyrighted movies. The defendant appealed his conviction, asserting that the trial court "erred in admitting into

evidence a consent judgment from the companion civil copyright infringement suit." 946 F.2d at 432. A divided Sixth Circuit panel affirmed. Writing for the majority, Judge Merritt concluded the judgment was admissible as "a personal admission properly admitted under Federal Rule of Evidence 801(d)(2)(A),"[1] explaining:

> We have held elsewhere that it is a "familiar rule of evidence that any statement by a party may be offered against him by his opponent," and here Cohen agreed to be enjoined permanently from infringing the plaintiffs' copyrights. The consent judgment is analogous to testimony in a prior civil proceeding . . . . [T]he consent judgment offers probative evidence admissible under Rule 801(d)(2)(A).

*Id*. at 435 (quoting *United States v. Slone*, 833 F.2d 595, 601 (6th Cir. 1987)). Judge Keith dissented, explaining that that he would have excluded the evidence under Rule 408. *Id*. at 436–37 (Keith, J., dissenting).

Obligated to follow this precedent, this Court concludes that the Federal Rules of Evidence do not "strictly prohibit any evidence of this nature from being interjected into a case." Def.'s Mot. to Strike ¶ 6. Defendant's motion to strike will be denied.

The Court cautions, however, that the foregoing should not be taken to suggest that evidence regarding the consent judgment will ultimately be found admissible should this case go to trial. *See Lipsky*, 551 F.2d at 893 ("Evidentiary questions, such as the one present in this case, should especially be avoided at such a preliminary stage of the proceedings. Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided."). Like all evidence, to be admissible the evidence must be relevant — "it must make a fact more or less probable than it would be without the evidence" and that fact must be "of consequence in determining the action." Fed. R. Evid.

---

[1] Rule 801(d)(2)(A) provides that a statement is not hearsay if "[t]he statement is offered against an opposing party and . . .was made by the party in an individual or representative capacity."

401(a), (b). The Court simply concludes that the Federal Rules of Evidence, as interpreted by the Sixth Circuit, do not categorically bar the admission of consent judgments as evidence.

## II

Accordingly, it is **ORDERED** that Defendant's motion to strike (ECF No. 21) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 14, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

---