UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEATHER MILLS,

       Plaintiff,

                                                        Case Number 11-13148-BC
v.                                                     Honorable Thomas L. Ludington

UNITED PRODUCERS, INC.,

       Defendant.
_____/

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE,
DEFENDANT'S MOTION TO STRIKE, AND PLAINTIFF'S MOTION
FOR RECONSIDERATION, DENYING DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF LAW, AND MEMORIALIZING VERDICT**

     This case arose from the conclusion of Plaintiff Heather Mills' employment relationship with Defendant United Producers. Defendant promised its employees that Defendant would not retaliate against employees who report activities that the employees consider "illegal or dishonest." Plaintiff alleged that Defendant broke this promise. When Plaintiff reported wrongdoing of a fellow employee, she alleged, Defendant terminated Plaintiff's employment. Defendant agreed that it terminated Plaintiff's employment, but asserted that it did so for reasons wholly unrelated to Plaintiff's complaints about a co-worker's misconduct. Rather, Defendant contended, it terminated Plaintiff's employment because she did not come to work or call in sick for three consecutive days.

     In June 2012, Defendant moved for summary judgment, asserting that it was entitled to judgment on Plaintiff's whistleblower claim because she was an at-will employee. Arguing in the alternative, Defendant moved for partial summary judgment on Plaintiff's damages based on an "after-acquired evidence defense."

The Court denied Defendant's motion for summary judgment on Plaintiff's whistleblower claim because a question of fact existed regarding whether Defendant terminated Plaintiff's employment in violation of its whistleblower policy. The Court also denied Defendant's motion for partial summary judgment because the after-acquired evidence defense had not been raised as an affirmative defense in Defendant's answer. Defendant responded by moving for leave to file an after-acquired evidence defense, which was granted.

Shortly before the trial began, Plaintiff filed a number of deposition transcripts. When Defendant objected to the admissibility of the depositions at trial, Plaintiff moved to strike Defendant's objections. ECF No. 106. About this time, Plaintiff also filed a motion for reconsideration of the order granting Defendant leave to file an after-acquired evidence defense. ECF No. 107. And Plaintiff moved for a special jury instruction regarding her performance. ECF No. 109. Defendant, in turn, filed a motion to strike any exhibits proffered by Plaintiff that were not listed in the proposed joint pretrial order. ECF No. 108.

Trial began on October 9, 2012. During the course of the proceedings, the Court took up Plaintiff's motion to strike Defendant's objections to the admissibility of the depositions at trial. After hearing argument from counsel, the Court granted in part and denied in part the motion based on Federal Rule of Civil Procedure 32(a) for the reasons stated on the record. Briefly, the Court concluded that Plaintiff could introduce the depositions of Defendant's officers and directors, as well as the depositions of unavailable witnesses.

The Court also heard argument on Defendant's motion to strike exhibits proffered by Plaintiff that were not listed in the proposed joint pretrial order. The motion was granted in part and denied in part for the reasons stated on the record. Briefly, the Court permitted Plaintiff some latitude to introduce exhibits regarding Defendant's after-acquired evidence defense, while

limiting the admissibility of exhibits that were not listed in the proposed joint pretrial order and did not regard Defendant's after-acquired evidence defense.

And the Court heard argument on Plaintiff's motions for reconsideration of the order granting Defendant leave to file an after-acquired evidence defense and for a special jury instruction regarding her performance. For the reasons stated on the record, the Court denied the motions. Briefly, the Court concluded that Plaintiff would not suffer undue prejudice because, she was on notice that Defendant sought to assert this claim since Defendant filed its motion for summary judgment in June 2012. Moreover, the evidence Defendant seeks to introduce — records of Plaintiff's time spent at her health clubs and with her personal trainer — were not records subject to Defendant's exclusive control. Rather, they are equally accessible to Plaintiff, presumably without the need for subpoenas or other formal discovery.

During the trial, Defendant moved for judgment as a matter of law. Reiterating the argument made in its summary judgment motion, Defendant contended that it was entitled to judgment on Plaintiff's whistleblower claim because "under clearly controlling Michigan law regarding *Toussaint* legitimate expectation claims, an alleged breach of any policy is not actionable — *Toussaint* legitimate expectation claims are limited solely to legitimate expectations that a plaintiff will not be terminated without just cause."

As this Court explained when it denied Defendant's summary judgment motion, however, Michigan law does not view the employment relationship in this binary fashion:

> [P]arties to an employment contract are free to bind themselves to whatever termination provisions they wish. . . . In some employment contracts, employers choose to retain unfettered discretion to terminate an employee's employment when doing so would not violate the law. In other employment contracts, employers agree to limit their discretion to terminate an employee's employment in some way. Employers and employees are free to bind themselves as they wish, and 'at-will' and 'just-cause' termination provisions are merely extremes that lie on opposite ends of the continuum of possibilities.

*Thomas v. John Deere Corp.*, 517 N.W.2d 265, 267 (Mich. Ct. App. 1994), *quoted in part in Mills v. United Producers, Inc.*, 11-13148-BC, 2012 WL 3870220, *20 (E.D. Mich. Sept. 6, 2012). As the Court previously explained, in the whistleblower policy Defendant agrees that it will maintain the whistleblower's confidentiality and will not retaliate by terminating the whistleblower's employment. Put differently, Defendant reserves the right to terminate Plaintiff's employment for any reason —except as retaliation for reporting illegal or dishonest activity. Defendant's motion for judgment as a matter of law will be denied.

On October 16, 2012, the jury returned a verdict in favor of Plaintiff and against Defendant. Specifically, the jury found that Defendant violated the whistleblower policy and did not establish its after acquired evidence defense, causing Plaintiff: (1) $30,000 in damages from the date her employment was terminated through the present time; (2) $6,000 in damages for the remainder of 2012; (3) $28,000 in damages in 2013; and (4) no other damages. Reduced to present cash value, the total award is $61,168.84. Judgment will be entered in favor of Plaintiff and against Defendant in this amount.

Accordingly, it is **ORDERED** that Plaintiff's motion to strike Defendant's objections to the admissibility of the depositions at trial (ECF No. 106) is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's motion for reconsideration (ECF No. 107) is **DENIED AS MOOT**.

It is further **ORDERED** that Defendant's motion to strike (ECF No. 108) is **DENIED**.

It is further **ORDERED** that Plaintiff's motion for a special jury instruction (ECF No. 109) is **DENIED AS MOOT**.

It is further **ORDERED** that Defendant's motion for judgment as a matter of law (ECF No. 113) is **DENIED**.

Dated: November 7, 2012

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 7, 2012.

                                          Tracy A. Jacobs
                                          TRACY A. JACOBS