UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEATHER MILLS,

        Plaintiff,

                                            Case Number 11-13148-BC

v.                                    Honorable Thomas L. Ludington

UNITED PRODUCERS, INC.,

        Defendant.

_____ /

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTIONS FOR PRE-JUDGMENT INTEREST AND COSTS**

This case arose from the conclusion of Plaintiff Heather Mills' employment relationship with Defendant United Producers. Defendant promised its employees that Defendant would not retaliate against employees who report activities that the employees consider "illegal or dishonest." Plaintiff alleged that Defendant broke this promise. When Plaintiff reported wrongdoing of a fellow employee, she alleged, Defendant terminated Plaintiff's employment. Defendant agreed that it terminated Plaintiff's employment, but asserted that it did so for reasons wholly unrelated to Plaintiff's complaints about a co-worker's misconduct. Rather, Defendant contended, it terminated Plaintiff's employment because she did not come to work or call in sick for three consecutive days.

A jury trial was held over five days in October 2012. The jury, agreeing with Plaintiff's explanation of why she was terminated, returned a verdict her favor. The jury further found that Defendant had caused Plaintiff $30,000 in past damages and $34,000 in future damages. Reducing the future damages to their present value, the Court entered a judgment awarding Plaintiff $61,168.84, plus post-judgment interest at the statutory rate.

Plaintiff now moves to amend the judgment to add pre-judgment interest.  ECF No. 121. Plaintiff also moves for deposition-related costs.  ECF No. 124.  For the reasons that follow, Plaintiff's motions will be granted.  Briefly, pre-judgment interest is required, not discretionary. Costs, though discretionary, are presumptively available to a prevailing party.  Here, Plaintiff prevailed.  The depositions were instrumental in securing that victory.  And the amount of costs requested, a little less than $5,000, is reasonable.

## I

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Rule 6(a)(1)(A), in turn, provides that in computing a time period "stated in days" under the federal rules a court must "exclude the day of the event that triggers the period."

Here, the judgment was entered on November 7, 2012.  ECF No. 119.  The clock therefore began to run the following day, November 8.  Plaintiff moved to amend the judgment on December 5, 2012 — 27 days later.  ECF No. 121.  The motion was timely made.

Turning to the motion's merits, the Sixth Circuit instructs: "Prejudgment interest is a substantive element of damage which must be determined under state law, in this case Michigan law, when jurisdiction is based upon diversity of citizenship."  *Perceptron, Inc. v. Sensor Adaptive Mach., Inc.*, 221 F.3d 913, 922 (6th Cir. 2000) (citing *Bailey v. Chattem, Inc.*, 838 F.2d 149, 152 (6th Cir. 1988); *Lynch v. Electro Refractories & Abrasives Corp.*, 408 F.2d 363, 364 (6th Cir. 1969)).

Jurisdiction in this case was founded on diversity of citizenship.  Plaintiff, a Michigan resident, brought suit against Defendant, an Ohio corporation with its principal place of business

in Ohio.  Alleging various state law claims of action, Plaintiff sought more than $75,000 in damages.

Under Michigan law, "prejudgment interest is not discretionary."  *Perceptron*, 221 F.3d at 922 (citing Mich. Comp. Laws § 600.6013).  Section 600.6013(8) of the Michigan Compiled Laws provides: "interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually."

Here, Plaintiff filed her complaint on July 20, 2011.  Judgment was entered, as noted, on November 7, 2012.  Plaintiff calculates that this entitles her to $1,880.55 in statutory pre-judgment interest.  Defendant does not dispute this.

As Plaintiff is entitled to pre-judgment interest, and as Defendant does not dispute Plaintiff's calculation, Plaintiff's motion will be granted.

## II

Under the "American rule," in contrast to rule in other common law countries, litigants are generally expected to pay their own way.  *See generally Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240 (1975) (discussing American rule); Richard A. Epstein, *The Social Consequences of Common Law Rules*, 95 Harv. L. Rev. 1717, 1742 (1982) (noting that "it unclear whether the American rule (each party pays his own) or the English rule (winner is reimbursed) stirs up more litigation").  That is, generally the losing party does not have pay the prevailing party's attorney fees.  The American Rule that "each party pays his own way" does not, however, extend to costs.

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Elaborating on the types of permissible costs, 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

Section 1332(c), however, provides that in a diversity case "where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff." 28 U.S.C. § 1332(c).

The legislative history of § 1332 explains: "In deciding whether to deny costs and/or impose costs on the plaintiff, the court will undoubtedly take into consideration whether the amount claimed was made in good faith or whether it was made simply to get into Federal court." *Bochenek v. Germann*, 191 F. Supp. 104, 104 (E.D. Mich. 1960) (quoting 1958 U.S.C.C.A.N. 3099).

Based on this legislative history, federal district courts in Michigan have repeatedly held that when the amount claimed by a plaintiff is made in good faith, a plaintiff who prevails for less than the jurisdictional amount "is entitled to tax his proper court costs against the defendants." *Stachon v. Hoxie*, 190 F. Supp. 185, 186 (W.D. Mich. 1960); a*ccord Bochenek*, 191 F. Supp. at 104; *see generally* 10 Charles Alan Wright et al., *Federal Practice & Procedure*

§ 2668 (3d ed. 1998) (noting that notwithstanding § 1332, "the court is not likely to exercise its discretion to deny costs to the prevailing party in the absence of a persuasive reason for doing so, particularly when the losing party is capable of paying the costs").

Of course, whether to award costs "rests within the sound discretion of the district court." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (citing *LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir. 1995)).   Nevertheless, the Sixth Circuit has long held that "[t]he prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption."   *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959); *see generally* Wright, *supra*, § 2668 ("The burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party.").

Here, it is undisputed that Plaintiff is a "prevailing party."   And, although a jury awarded her less than $75,000, she had a good faith claim for more than that amount.   Specifically, Plaintiff alleged that the ending of her employment with Defendant had injured her financially, and would continue to do so for some time.   Her expert, moreover, projected her economic damages at nearly $1.5 million.   The jury agreed that Defendant had injured Plaintiff.   But it disagreed about how long those effects would be felt.   Concluding that Plaintiff's future damages would end in 2013, it awarded her $64,000 (reduced to present value, $61,168.84).   Plaintiff was not inflating the amount of damages claimed simply to get into federal court.   Rather, she had a good faith basis for asserting damages of more than $75,000.   Although discretionary, Plaintiff will be awarded costs.

In costs, Plaintiff seeks $4,924.10.   This amount is primarily composed of the costs of deposing Brian Schuler, Samantha Jensen, Scott Acker, Craig Emery, Deborah Stump, Brad

Warner, Jeffrey Harding, Judith Martin, and Plaintiff, and then obtaining a deposition transcript. Each of these deposition transcripts was used either in support of a motion, at trial, or both. Accordingly, these costs are recoverable under § 1920(2). *See, e.g.*, *Sutter v. Gen. Motors Corp.*, 100 F. App'x 472, 475 (6th Cir. 2004) ("Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." (quoting *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir. 1989)).

Plaintiff's enumerated costs also include the fees associated with playing Debra Stump's video deposition at trial. At trial, the court heard argument on whether the deposition was admissible and found that it was under Federal Rule of Civil Procedure 32(a)(4)(B). Plaintiff then played the video deposition for the jury. Again, the costs are recoverable under § 1920(2). See generally *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997) ("Most courts have agreed that a district court may tax the costs of a video deposition under section 1920(2)."); *Meredith v. Schreiner Transp., Inc*., 814 F. Supp. 1004, 1006 (D. Kan. 1993) (observing that "numerous courts have held that costs associated with video deposition are . . . recoverable").

In sum, the Court concludes that Plaintiff is entitled to costs as the prevailing party and that the amount of requested, $4,924.10, is reasonable. Plaintiff's motion will be granted.

### III

Accordingly, it is **ORDERED** that Plaintiff's motion to amend the judgment (ECF No. 121) is **GRANTED**. Defendant is ordered to pay Plaintiff pre-judgment interest in the amount of $1,880.55.

It is further **ORDERED** that Plaintiff's motion for costs (ECF No. 124) is **GRANTED**. Defendant is ordered to pay Plaintiff costs in the amount of $4,924.10.

It is further **ORDERED** that Plaintiff is directed to submit an amended order of judgment on or before **February 5, 2013**.


Dated: January 22, 2013

<div style="margin-left: 40%;">

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

</div>

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 22, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS